# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Action No. 2012–020 |
| ) | |
| **GREGORY GALLOWAY and** ) | |
| **TIMOTHY DALEY,** ) | |
| ) | |
| **Defendants.** ) | |

**Attorneys:**

**Alphonso A. Andrews, Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Jomo Meade, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Gregory Galloway*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Timothy Daley*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Government's "Motion to Dismiss Indictment" (Dkt. 124). Upon consideration of the Government's Motion, the arguments advanced at the hearing held on August 23, 2013 (*see* Dkt. No. 125), the entire record herein, and

for the reasons set forth below, the Court will grant the Government's Motion and dismiss the Superseding Indictment without prejudice.

## DISCUSSION

Trial in this matter was scheduled to begin on August 26, 2013. (Dkt. No. 117 at 3). On August 21, 2013, five days before trial, the Government filed the instant "Motion to Dismiss Indictment." (Dkt. No. 124). In that Motion, the Government stated that, on the date of filing, "it encountered unexpected complications in securing the trial appearance of an essential witness" in the case. (*Id.* at 1). The Government asserted that the witness's absence "would severely impact the strength of the government's case," and argued, therefore, that "dismissal is in the best interests of justice." (*Id.*). Defendants responded that they do not oppose a dismissal *with* prejudice; the Government, however, seeks dismissal *without* prejudice. (*Id.* at 1–2). At the hearing held on August 23, 2013, the Court heard arguments from the parties as to whether dismissal should be granted with or without prejudice.

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Under the common law doctrine of *nolle prosequi*, a prosecutor had the sole, discretionary power to decide—without any action by the court, and at any time until a jury was empaneled and sworn—whether to proceed with the prosecution of a charged defendant. *See id.* advisory committee's note; *see also In re Richards*, 213 F.3d 773, 782 (3d Cir. 2000). The promulgation of Rule 48(a) in 1944, including the phrase "with leave of court," changed the common law rule of *nolle prosequi* "by interposing a discretionary act by a court between a prosecutor's decision to drop a case and ultimate dismissal." *Richards*, 213 F.3d at 784–86; *see also* Fed. R. Crim. P. 48(a) advisory committee's note.

However, the amount of discretion that a court may exercise under Rule 48(a) is limited. *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (noting that while the words "leave of court" "obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court"); *Richards*, 213 F.3d at 786 ("[C]ourts have generally viewed their role in granting leave to dismiss under 48(a) to be a limited one . . . ."). Only in rare circumstances will a court deny a prosecutor's motion for leave to dismiss under Rule 48(a). *See Richards*, 213 F.3d at 786 ("[R]efusal to dismiss is appropriate only in the rarest of cases."). Indeed, "[a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *Id.* at 787 (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985)). Rule 48(a) dismissals are customarily granted without prejudice, thus permitting the government to reindict the defendant within the statute of limitations. *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994).

Rule 48(a)'s principal purpose is to protect criminal defendants from "prosecutorial harassment"—"the danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant." *Id.* at 786; *see also United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) ("The primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime.") (citing *Rinaldi*, 434 U.S. at 29 n.15); *United States v. Wecht*, Crim. No. 06–0026, 2008 WL 65605 at *3 (W.D. Pa. Jan. 4, 2008). Other situations in which dismissal would be "clearly contrary to manifest public interest" include cases "in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *Richards*, 213 F.3d at 787 (citing *United States v. Hamm*, 659 F.2d

3

624, 630 (5th Cir. 1981)). Rule 48(a) can also function as a "sunshine" provision that increases accountability by requiring the Government to articulate the reasons for its prosecutorial decisions. *See Richards*, 213 F.3d at 788; *Wecht*, 2008 WL 65605 at *5. By inquiring into the Government's reasons for dismissal, courts can ensure that judicial processes are not being abused. *See Richards*, 213 F.3d at 788; *Wecht*, 2008 WL 65605 at *5.

Several courts have held that the decision to grant or deny the Government's motion for leave to dismiss under Rule 48(a) can be resolved by determining whether the prosecutor was acting in good faith by moving for dismissal. *See, e.g.*, *United States v. Sprofera*, 299 F.3d 725, 727 (8th Cir. 2002); *United States v. Smith*, 55 F.3d 157, 159 (4th Cir.1995); *United States v. Etienne*, No. 2008–16, 2009 WL 1404808 at *2 (D.V.I. May 15, 2009). A presumption of good faith attaches to the Government's decision to seek dismissal under Rule 48(a). *See United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991) ("In rule 48(a) dismissals and subsequent indictments, the government is entitled to a presumption of good faith."); *Etienne*, 2009 WL 1404808 at *2 ("The Government is entitled to a presumption of good faith in seeking to dismiss a[] criminal action under Rule 48(a)."). A defendant can rebut this presumption "by showing that the prosecution has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal." *Etienne*, 2009 WL 1404808 at *2 (citing *Matta*, 937 F.2d at 568). If a defendant fails to rebut the presumption of good faith, the court will generally grant the government's Rule 48(a) motion to dismiss *without* prejudice. *See, e.g.*, *United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012) ("A district court is 'duty bound' to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless 'it specifically determines that the government is operating in bad faith' in pursuing the motion.") (quoting *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988)); *see also*

*Raineri*, 42 F.3d at 43 ("Customarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations."). Here, Defendants have failed to rebut the presumption of good faith to which the Government is entitled in seeking leave to dismiss the Superseding Indictment. In its Motion and at the August 23, 2013 hearing, the Government stated that due to "unexpected complications," it was unable to produce at trial a witness whose testimony would be critical to the successful prosecution of the case. (*See* Dkt. No. 124 at 1). In response, Defendants offered no evidence or specific allegations to suggest that the Government was acting in bad faith. Instead, Defendants offered unpersuasive arguments in this regard, while urging the Court to probe more deeply into the Government's asserted reasons for seeking dismissal. As discussed below, the Court rejects Defendants' arguments, including their invitation to engage in an unwarranted fishing expedition into the Government's reasons for dismissing the Indictment. *See United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975) ("The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.").

Defendants first argued that dismissal without prejudice would permit prosecutorial harassment, due to the possibility of a future prosecution within the statute of limitations for the same offenses and the resulting cloud of uncertainty that would surround Defendants. However, Defendants failed to explain how the possibility of a future prosecution in this case would be any different from the possibility of future prosecution in *all* cases of dismissal without prejudice under Rule 48(a).

5

Second, contrary to Defendants' contention, the previous dismissal of a criminal complaint filed to secure a warrant in this matter, coupled with the dismissal sought in the instant Motion, does not constitute the type of harassment by means of a malicious cycle of charging, dismissing, and recharging against which a particular defendant is to be protected. *See Rinaldi*, 434 U.S. at 29 n.15; *Richards*, 213 F.3d at 786; *Derr*, 726 F.2d at 619. There is no evidence in the record which suggests that the prosecutorial decisions resulting in the dismissal of the original criminal complaint, and now the Motion to Dismiss the instant Indictment, were motivated by an intent to harass Defendants.

Third, Defendant Daley sought to relitigate the same arguments already rejected by the Court in response to his earlier Motion to Dismiss. (*See* Dkt. Nos. 72, 73, 77, 78, 87, 88, 95). While Daley conceded that this issue had already been decided, he renewed the argument for purposes of the instant Motion, arguing that the same facts are relevant to the issue of prosecutorial harassment. However, for the reasons articulated in the Court's Memorandum Opinions issued on May 6, 2013 (Dkt. No. 77) and May 9, 2013 (Dkt. No. 88), the Court finds Daley's argument unavailing, and further finds no evidence of bad faith or prosecutorial harassment.

Fourth, Defendants also argued that the Court should conduct a deeper inquiry into the prosecutor's assertion of the unavailability of the essential witness, including by determining the identity and location of the witness, as well as the nature and extent of the prosecution's efforts to secure the witness for trial. Defendant Galloway acknowledged that there is no evidence of bad faith on behalf of the prosecutor, but argued that there *might* be bad faith by Government agents upon whom the prosecutor relied in making his decision to dismiss the Indictment. This assertion is mere speculation, and does not serve to rebut the presumption of good faith to which

the Government is entitled when it seeks dismissal under Rule 48(a). *See Matta*, 937 F.2d at 568; *Etienne*, 2009 WL 1404808 at *2.

Finally, Defendant Galloway argues that, although Defendants have failed to make any showing or specific allegation of bad faith or prosecutorial harassment, the Court should nonetheless inquire further into the Government's prosecutorial decision and require the Government to produce more information about the essential witness's unavailability. The Court declines Defendants' invitation to break new ground by establishing an affirmative duty on the part of the Court to conduct an investigation into the Government's stated reasons for seeking dismissal, in the absence—as here—of any showing by Defendants that further inquiry is warranted.

As in *Mujahid* and *Etienne*, there are no allegations or evidence in the record before the Court to suggest that the Government is engaging in prosecutorial gamesmanship, or that its Motion to Dismiss under Rule 48(a) was brought "to obtain improper tactical advantage or was motivated by a desire to harass" Defendants. *See Mujahid*, 491 F. App'x at 860; *Etienne*, 2009 WL 1404808 at *3. Defendants have made no showing that the prosecutor is seeking dismissal in bad faith, for purposes of harassing Defendants, for reasons clearly contrary to manifest public interest, or without sufficiently articulating the reasons for dismissal. Further, the Court finds nothing in the record that would indicate that the Government's Motion for dismissal was motivated by bribery, animus, an improper desire to avoid trial, or any other reason that is "clearly contrary to manifest public interest." *See Richards*, 213 F.3d at 787. Accordingly, the Court will dismiss the Superseding Indictment without prejudice. *See id.*; *see also Mujahid*, 491 F. App'x at 860 (9th Cir. 2012); *Raineri*, 42 F.3d 36, 43; *Matta*, 937 F.2d at 568.

For the foregoing reasons, it is hereby

**ORDERED** that the Government's "Motion to Dismiss Indictment" (Dkt. 124) is **GRANTED;** and it is further

**ORDERED** that the Superseding Indictment (Dkt. No. 93) is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Date:   August 30, 2013   _____/s/_____
                           WILMA A. LEWIS
                           Chief Judge